Bryan S. Arce, Esq.
Attorney ID #: 025882009
Phillips & Associates, PLLC
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, NY 10006
P: (212) 248-7431
F: (212) 901-2107
barce@tpglaws.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X
TARUN SHARMA,

                 Plaintiff,

      -against-

MINE HILL SPARTAN LIMITED LIABILITY
COMPANY, and CENGIZ UNAL, individually,

                Defendants.
-----------------------------------------------------------------X

Case No.:

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### INTRODUCTION

1. Plaintiff brings this action, charging that the Defendants violated Plaintiff's rights under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 *et seq*.) hereinafter "FLSA," and seeks to recover unpaid back wages, and an additional amount as liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of the New Jersey Wage and Hour Law based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367.

2. Defendants have willfully refused to pay Plaintiff overtime wages owed to him for working hours in excess of forty-hours (40) per week, at a rate of one and a half times his normal rate of pay.

3. Plaintiff also complains pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 et Seq. ("ADA"), the New Jersey Law Against Discrimination, and the New Jersey Common Law, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered a result of being harassed and discriminated against by his employer on the basis of his disability, failure to provide a reasonable accommodation, failure to engage in the interactive process, retaliation, and wrongful termination.

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to 29 U.S.C. §216(b); 42 U.S.C. §2000e *et. Seq.*; 42 U.S.C. §12101; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

5. This action involves a Question of Federal Law

6. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. §1391(b).

7. On or about August 16, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for his Title VII and ADA claims[1].

---

[1] When Plaintiff receives his Right to Sue Letter from the EEOC he will amend his complaint to incorporate his claims under Title VII and the ADA.

## PARTIES

8. Plaintiff is a disabled male resident of the State of New Jersey, County of Morris.

9. At all times material, Defendant MINE HILL SPARTAN LIMITED LIABILITY COMPANY (hereinafter also referred to as "MINE HILL SPARTAN") was and is a domestic limited liability company duly existing under the laws of the State of New Jersey.

10. At all times material, Defendant CENGIZ UNAL (hereinafter also referred to as "UNAL") was and is the Owner of Defendant MINE HILL SPARTAN.

11. At all times material, Defendant UNAL was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

12. Defendant MINE HILL SPARTAN and Defendant UNAL are hereinafter also referred to as "Defendants."

13. At all times material, Defendants owned, operated, and/or managed a gas station located at 274 U.S. Highway 46, Mine Hill, NJ 07803.

14. At all times material, Plaintiff was an employee of Defendants.

15. Plaintiff was engaged in commerce while working for Defendants.

16. Upon information and belief, Plaintiff was regularly engaged by Defendants to work more than 40 hours in a week without being paid the overtime premium pay for all hours worked in excess of 40 in a week, as required by the FLSA and New Jersey Wage and Hour Law. New Jersey Wage and Hour Law 34:11-56a4.

17. At all times material, Defendants employed two or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

18. At all times material, Defendants grossed more than $500,000 in the past fiscal year.

## MATERIAL FACTS

19. In or around June 2014, Plaintiff began working for Defendant MINE HILL SPARTAN as a "Gas Attendant" at its 274 U.S. Highway 46, Mine Hill, NJ 07803.

20. In or around June 2015, Plaintiff's job changed from "Gas Attendant" to "Clerk." Along with pumping gas as needed, Plaintiff was now assigned to work behind Defendants' counter in the store located at 274 U.S. Highway 46, Mine Hill, NJ 07803.

## WAGE VIOLATIONS

21. From the beginning of Plaintiff's employment, Plaintiff was paid part of his wages on a personal check made out by "Mine Hill Spartan" and the remainder in cash.

22. At all times material, Plaintiff was paid eight dollars and fifty cents ($8.50) for each hour worked.

23. From the beginning of Plaintiff's employment until his unlawful termination, Plaintiff always submitted his hours to Defendants' "Manager." Defendants' Manager then wrote Plaintiff's hours down on a sheet of paper and submitted the paper to Defendant UNAL for payment. *See* Ex. A.

24. Plaintiff regularly worked more than 40 hours a week from the start of his employment.

25. **Plaintiff was never paid the overtime rate of one and a half times his hourly rate.**

26. By way of example, from the beginning of Plaintiff's employment until in or around June 2015, Plaintiff worked from 1 PM to 10 PM, **every day of the week without a lunch break.** This amounted to a minimum of sixty-three (63) hours worked per week. Nevertheless, **Plaintiff was never paid for hours he worked for Defendants, in excess of 40 per week, at the overtime premium. Instead, Plaintiff was simply paid "straight time."**

27. Moreover, from June 2015 until Plaintiff's unlawful termination, Plaintiff worked from 10 AM

to 10 PM Monday through Friday and then 6 AM to 10 PM on Saturday and Sunday. This amounted to a minimum of ninety-two (92) hours worked per week. Nevertheless, **Plaintiff was never paid for hours he worked for Defendants, in excess of 40 per week, at the overtime premium. Instead, Plaintiff was simply paid "straight time."**

28. In fact, in or around October 2016, **Plaintiff worked eighty-eight (88) hours and was not paid the overtime premium for the hours he worked for Defendants, in excess of 40 per week, at the overtime premium.** *See* Ex. A.

29. Throughout Plaintiff's employment, he was not provided with a paystub showing all the hours he worked.

30. Defendants violated the FLSA and the New Jersey Wage and Hour Laws by failing to pay the premium rate of one and a half times the hourly rate for all hours worked over 40 per week.

31. Defendants willfully violated the FLSA and the New Jersey Wage and Hour Laws.

32. Defendants' unlawful actions were a policy and/or plan implemented in Defendants' locations.

33. Defendants failed to furnish Plaintiff with statements containing his accurate pay and hour information.

34. Defendants did not pay Plaintiff overtime.

35. Defendants deprived Plaintiff of any information or understanding of his rights under the federal and state wage laws.

36. Defendants' actions were/are willful.

**Discrimination**

37. Beginning in or around June 2015, Defendant UNAL made Plaintiff give him massages while at work.

38. In or around November 2016, Plaintiff began experiencing pain in his right hand/wrist because

of the massages Defendant UNAL required him to perform.

39. In or around the end of March 2017, Plaintiff was diagnosed with carpal tunnel syndrome.

40. On or about March 30, 2017, Plaintiff was wearing a brace at work on his right wrist because of his injury. Despite seeing the brace, Defendant UNAL told Plaintiff to give him a massage. Plaintiff replied that he could not because of his wrist. In turn, Defendant UNAL told Plaintiff to use his left hand. Because Plaintiff feared for his job he gave Defendant UNAL a massage with his left hand.

41. The next day, on or about March 31, 2017, Plaintiff told Defendant UNAL that because of his wrist injury he would not be able to give him massages anymore. Defendant UNAL told Plaintiff that was alright but that he was going to transfer him to a new gas station which he was opening, located at 1272 Sussex Turnpike, Randolph, NJ 07869.

42. On or about April 1, 2017, Plaintiff reported to Defendants' new gas station to help organize it for opening. However, because of Plaintiff's wrist injury he was unable to lift or move heavy objects. When Defendant UNAL discovered Plaintiff was not able to move heavy objects, he got angry and yelled at Plaintiff, "Why can't you move anything heavy?" Plaintiff explained that it was because of his wrist injury and the pain he was suffering. Thereafter, **Defendant UNAL told Plaintiff to go home.**

43. On or about April 2, 2017, Plaintiff worked at Defendants' Mine Hill location. Near the end of Plaintiff's shift, Defendant UNAL told him that he wanted him to work at the Randolph location the following day. However, Plaintiff explained that he had a doctor's appointment, about which he had previously told Defendant UNAL, for his wrist and needed the day off. Defendant UNAL replied, **"I don't have anyone else working so how am I going to make that work? You know what, just go to your doctor and don't come back. You are fired."**

44. Plaintiff's request to attend his doctor's appointment was a request for a reasonable accommodation.

45. Defendants failed to engage in the interactive process.

46. On or about April 2, 2017, Defendants terminated Plaintiff.

47. Defendants would not have harassed and/or discriminated against Plaintiff but for his disability and/or perceived disability.

48. Defendants would not have retaliated against Plaintiff but for his disability and/or perceived disability or his request for a reasonable accommodation.

49. As a result of Defendants' actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, violated, embarrassed, and emotionally distressed.

50. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

52. As Defendants' conduct has been malicious, willful, outrageous, and conducted will full knowledge of the law, Plaintiff demands punitive damages against all of the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## <u>OVERTIME</u>

53. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

54. Defendants willfully employed Plaintiff in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to compensate Plaintiff for his employment in excess of 40 hours per week, at a rate of at least one and one-half times the rate at which he was employed.

55. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. §201 et. seq. and its implementing regulations.

56. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. §207.

57. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of 29 U.S.C. §255.

58. Defendants' failure to comply with the FLSA caused Plaintiff to suffer a loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW JERSEY STATE WAGE AND HOUR LAW
## and VIOLATION OF TITLE 34 NJSA SECTION 11:56a4
## <u>OVERTIME RATE</u>

59. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

60. Plaintiff was an employee of Defendants within the meaning of the New Jersey State Wage and Hour law, specifically, 34 NJSA Section 11:56a4.

61. Defendants failed to pay Plaintiff a premium for hours worked in excess of 40 hours per week.

62. Defendants violated Plaintiff's rights to overtime pay under 34 NJSA Section 11:56a4.

63. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

### AS A THIRD CAUSE OF ACTION
### VIOLATION OF NEW JERSEY STATE WAGE AND HOUR LAW
### and VIOLATION OF TITLE 34 NJSA SECTION 11:56a20
### <u>EMPLOYEE RECORDS</u>

64. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

65. Defendants failed to keep employee-specific records for documenting, *inter alia*, actual hours worked in each week, in violation of New Jersey State Wage and Hour Law Title 34 NJSA Section 11:56a20.

66. Defendants failed to furnish statements with hours worked information to Plaintiff, in violation of 34:11-56a20.

### AS A FOURTH CAUSE OF ACTION
### VIOLATION OF NEW JERSEY STATE WAGE AND HOUR LAW
### and VIOLATION OF TITLE 34 NJSA SECTION 11:56a21
### <u>FAILURE TO POST INFORMATION</u>

67. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

68. Defendants failed to provide Plaintiff with any information or understanding of his rights under the New Jersey State wage laws, in violation of New Jersey State Wage and Hour Law Title 34 NJSA Section 11:56a21.

## AS A FIFTH CAUSE OF ACTION
## UNDER TITLE VII[2]
## DISCRIMINATION

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

70. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et Seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's disability and/or perceived disability.

71. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et Seq.*, by discriminating against Plaintiff because of his disability and/or perceived disability, failing to provide a reasonable accommodation, failing to engage in the interactive process, retaliation, and wrongful termination.

## AS A SIXTH CAUSE OF ACTION
## UNDER TITLE VII[3]
## RETALIATION

72. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

73. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

---

[2] This cause of action is pending Plaintiff's receipt of his Right to Sue Letter from the EEOC. It is incorporated here to put Defendants on notice of their liability under Title VII and the ADA.

[3] This cause of action is pending Plaintiff's receipt of his Right to Sue Letter from the EEOC. It is incorporated here to put Defendants on notice of their liability under Title VII and the ADA.

"(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

74. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment, including but not limited to terminating Plaintiff's employment, because of his opposition to the unlawful employment practices of Defendant.

## AS A SEVENTH CAUSE OF ACTION
## UNDER THE AMERICANS WITH DISABILITIES ACT ("ADA")[4]
## DISCRIMINATION

75. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

76. Plaintiff claims the Defendants violated Title I and V of the Americans with Disabilities Act of 1990 (Publ. L. 101-336) as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101. Sec. 12112 specifically states:

(a) General Rule- No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

77. Defendants violated the above and Plaintiff suffered numerous damages as a result.

---

[4] This cause of action is pending Plaintiff's receipt of his Right to Sue Letter from the EEOC. It is incorporated here to put Defendants on notice of their liability under Title VII and the ADA.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE ADA[5]
## RETALIATION and INTERFERENCE

78. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

79. Sec. 12203 of the ADA. Prohibition against retaliation and coercion provides as follows:

   (a) Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

   (b) Interference, coercion, or intimidation: It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

80. Defendants violated Plaintiff's above rights as set forth herein.

## AS A NINTH CAUSE OF ACTION
## UNDER STATE LAW
## DISCRIMINATION

81. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

82. New Jersey's Law against Discrimination Section 10:5 – 12(a) sets forth in pertinent part as follows: "It shall be an unlawful employment practice, or as the case may be, an unlawful discrimination: (a) For any employer, because of the … disability … to refuse to hire or employ or to bar or to discharge or require to retire, unless justified by lawful considerations other than

---

[5] This cause of action is pending Plaintiff's receipt of his Right to Sue Letter from the EEOC. It is incorporated here to put Defendants on notice of their liability under Title VII and the ADA.

age, from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

83. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability and/or perceived disability, and by failing to engage in the interactive process, failing provide a reasonable accommodation, and unlawful termination.

## AS A TENTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## RETALIATION

84. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

85. New Jersey's Law against Discrimination Section 10:5-12(d) sets forth in pertinent part as follows: "It shall be an unlawful discriminatory practice, or, as the case may be, an unlawful discrimination: d) For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, any right granted or protected by this act."

86. Defendants engaged in an unlawful employment practice by retaliating, and otherwise discriminating against the Plaintiff, including, but not limited to terminating Plaintiff's employment.

87. Defendants violated all other applicable sections of N.J. Stat. §10:5-12(d) et. seq.

## AS AN ELEVENTH CAUSE OF ACTION
## UNDER NEW JERSEY STATE LAW
## <u>AIDING AND ABETTING</u>

88. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

89. New Jersey's Law against Discrimination Section 10:5-12(e) sets forth in pertinent part as follows: "Unlawful employment practices, discrimination. It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: e) For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or attempt to do so."

90. Defendants engaged in an unlawful discriminatory practice by aiding and abetting the discrimination against the Plaintiff as set forth herein.

91. Defendants violated all other applicable sections of N.J. Stat. §10:5-12(e) et. Seq.

92. As such, Plaintiff has been damaged as set forth herein.

## AS A TWELFTH CAUSE OF ACTION
## UNDER THE NEW JERSEY COMMON LAW
## <u>WRONGFUL DISCHARGE</u>

93. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

94. Pursuant to *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72 (N.J. 1980), "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy," including but not limited to "legislation; administrative rules, regulations or decisions; and judicial decisions."

95. Defendants' acts and omissions constitute a wrongful discharge in violation of public policy.

**WHEREFORE**, Plaintiff, respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants violated the Fair Labor Standards Act;

B. Declaring that the Defendants violated all applicable New Jersey Wage and Hour Law;

C. Declaring that Defendants' violations of wage protections were willful;

D. Granting judgment to Plaintiff for his claims for unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

E. Granting judgment to Plaintiff for his claims for unpaid wages as secured by the New Jersey Wage and Hour Law as well as an equal amount in liquidated damages;

F. Declaring that the Defendants engaged in an unlawful employment practice prohibited by Title VII, the Americans with Disabilities Act, and the New Jersey Law Against Discrimination, and the New Jersey Common Law, on the basis of Plaintiff's disability and/or perceived disability, failure to engage in the interactive process, failure to provide a reasonable accommodation, retaliation, and wrongful discharge;

G. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

H. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

I. Awarding Plaintiff punitive damages;

J. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

K. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relied as the Court deems just and proper.

Dated: New York, New York
August 22, 2017

By: _____

PHILLIPS & ASSOCIATES, PLLC
*Attorneys for Plaintiff*

Bryan S. Arce, Esq.
Attorney ID #: 025882009
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431